# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**ANGELA THOMPSON,**

    **Plaintiff,**

    v.                                                                                                              **Case No. 18-CV-1698**

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

---

**DECISION AND ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE**

---

Angela Thompson seeks judicial review of the decision of the Commissioner of the Social Security Administration denying her claim for social security disability benefits under the Social Security Act, 42 U.S.C. § 405(g). (Docket # 1.) Thompson has also filed a motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*). (Docket # 2.) Because I find that Thompson is indigent for purposes of the federal *in forma pauperis* statute and that her complaint is not frivolous or malicious and that it states a claim, her motion will be granted.

## ANALYSIS

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants meaningful access to the federal courts while at the same time prevent indigent litigants from filing frivolous, malicious, or repetitive lawsuits. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). To authorize a litigant to proceed *in forma pauperis*, the court must first determine whether the litigant is able to pay the costs of commencing the action. 28 U.S.C. § 1915(a). Second, the court must determine whether

the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

The standards for reviewing dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) are the same as those for reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6). *See DeWalt v. Carter*, 224 F.3d 607, 611-12 (7th Cir. 2000). In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in her favor. *Id.* at 612. Although a complaint need not contain "'detailed factual allegations,'" a complaint that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In her motion to proceed without prepayment of the filing fee, Thompson states that she is unemployed. (Docket # 2 at 1.) She is married, (*id.*), but states, "My husband left me in May 2018 my daughter Carley has been paying my bills since" (*id.* at 4.). She states that she has no monthly income and does not know her spouse's income. (*Id.* at 2.) Her monthly expenses include $650.00 for rent and $600 for other household expenses. (*Id.*) She owns a 1970s car of unknown make and model, whose approximate value is unknown. (*Id.* at 3.) Her only other asset is $40.00 cash. (*Id.*) Based on the information provided in Thompson's motion, I am satisfied that she is indigent for the purposes of the *in forma pauperis* statute.

I next turn to the question of whether Thompson's action is "frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). In her complaint, Thompson alleges that she was denied disability insurance benefits and was denied a request for review on September 26,

2018. (Docket # 1 at 1.) Thompson alleges that "the conclusions and findings of fact of the defendant are not supported by substantial evidence and are contrary to law and regulation." (*Id.*)

The standard of review that the district court is to apply in reviewing the Commissioner's decision is whether the decision is supported by "substantial evidence." 42 U.S.C. § 405(g); *Ehrhart v. Sec'y of Health & Human Servs.*, 969 F.2d 534, 538 (7th Cir. 1992). Substantial evidence "means more than a mere scintilla of proof, instead requiring such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Ehrhart*, 969 F.2d at 538 (internal quotations omitted). The court, in reviewing the Commissioner's decision, may neither substitute its judgment for the Commissioner's, nor "merely rubber stamp" the Commissioner's decision. *Id.*

I have not yet had the opportunity to review the evidence; thus, it would be inappropriate for me to decide at this early juncture that Thompson's claims have no basis in either fact or law. Therefore, I find that there may be a basis in law or in fact for Thompson's appeal of the Commissioner's decision and that her appeal may have merit as defined by 28 U.S.C. § 1915(e)(2)(B)(i).

**NOW, THEREFORE, IT IS ORDERED** that plaintiff's motion for leave to proceed without prepayment of the filing fee (Docket # 2) is hereby **GRANTED**.

Dated at Milwaukee, Wisconsin this 30th day of October, 2018.

BY THE COURT

s/*Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge